UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

In re:

TRU-WAY CHURCH OF THE RISEN      CASE NO.: 3:12-bk-1498-JAF
CHRIST, INCORPORATED

Debtor.

_____

## MOTION TO DISMISS FOR BAD FAITH FILING

The Movant, WORKING CAPITAL #1, LLC, a Washington limited liability company, by and through its undersigned attorneys, hereby files its Motion to Dismiss for Bad Faith Filing and alleges:

1. On January 24, 2012, the Summary Final Judgment for Plaintiff was entered against the Debtor in the amount of $1,224,385.00 and a sale date of March 8, 2012 was set.

2. On February 3, 2012 Debtor filed an Emergency Motion for Relief from Judgment and Cancellation of Foreclosure Sale, or in the Alternative, Emergency Motion for Reconsideration.

3. On March 6, 2012, Judge Soud denied the Debtor's Motion for Relief from Judgment and to Set Aside Foreclosure Sale.

4. On March 7, 2012, Debtor filed a Voluntary Petition under Chapter 11 of the United States Code.

5. The Summary of Schedules indicates that the Debtor's assets of $776,764.13 are significantly less than the total liabilities listed of $1,106,384.10. The actual liabilities are significantly greater as shown by the attached Summary Final Judgment.

6. Accordingly, they cannot propose a plan of reorganization.

7. The Movant submits that Debtor instituted these proceedings in bad faith.

WHEREFORE, Movant requests that the Court dismiss this case for bad faith filing so that the Movant may complete the foreclosure referenced above.

GARTNER, BROCK AND SIMON

By: _____
Frederick R. Brock
Florida Bar No. 160787
1660 Prudential Drive, Suite 203
P. O. Box 10697
Jacksonville, Florida 32247-0697
Telephone: (904) 399-0870
Facsimile: (904) 399-1113
Attorneys for Working Capital #1, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on the Debtor, the Debtor's attorney, U.S. Trustee and Rule 1007(d) parties-in-interest electronically or by U.S. mail this 22 day of March, 2012.

_____
Attorney

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2011-CA-8074

DIVISION: FC-H

WORKING CAPITAL #1, LLC, a Washington
limited liability company,

    Plaintiff,

vs.

TRU WAY CHURCH OF THE RISEN
CHRIST, INCORPORATED, a Florida non-
profit corporation; ELWYN W. JENKINS, as
Trustee of the TRU WAY BUILDING TRUST;
MARVA SALARY, as Trustee of the TRU
WAY BUILDING TRUST; and INTERNAL
REVENUE SERVICE,

    Defendants.

## SUMMARY FINAL JUDGMENT FOR PLAINTIFF

This cause came on to be heard upon the pleadings, proceedings and proofs herein, and the Court being advised in the premises, it is, upon consideration thereof,

ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction of the subject matter and the parties.

2. The equities are with the Plaintiff and the Plaintiff's Motion for Summary Final Judgment and for Attorneys' Fees is granted.

3. In computing the award of attorneys' fees, the Court has determined that: (i) $300.00 per hour is a reasonable hourly rate for this type of litigation, and (ii) 15 hours expended or to be expended in this case by the Plaintiff's attorney is reasonable.

4. Plaintiff is due from and shall have and recover from the Defendant TRU WAY CHURCH OF THE RISEN CHRIST, INCORPORATED, a Florida non-profit corporation, the principal sum of $820,000.00, plus interest from and after January 1, 2009 at the default rate through the date of this judgment in the amount of $394,085.00; $3,459.00 for late charges accrued prior to acceleration; $275.00 for foreclosure commitment; and $4,500.00 for attorneys' fees, with $2,066.00 for court costs, now taxed, under the note and mortgage sued on in this action making a total sum of **$1,224,385.00** for which let execution issue forthwith.

5. Plaintiff holds a first lien for the total sum superior to any claim or estate of Defendant on the following described properties in Duval County, Florida:

PARCEL 1
PART OF LOT 2, BLOCK 8, WEST LEWISVILLE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN DEED BOOK AJ, PAGE 725 OF THE FORMER PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCE AT THE INTERSECTION OF THE NORTH LINE OF EDISON AVENUE (A 60.0 FOOT RIGHT OF WAY) AND THE WEST LINE OF CLAUDE STREET; THENCE WESTERLY ALONG THE NORTHERLY LINE OF SAID EDISON AVENUE 275.0 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE WESTERLY ALONG THE NORTHERLY LINE OF SAID EDISON AVENUE 78.4 FEET; THENCE NORTHERLY AT AN ANGLE TO THE LEFT FROM THE LAST DESCRIBED LINE OF 81 DEGREES 35 MINUTES A DISTANCE OF 109.0 FEET TO AN IRON AND THE SOUTHEASTERLY LINE OF THE ATLANTIC COASTLINE RAILROAD; THENCE NORTHEASTERLY ALONG SAID RAILROAD PROPERTY 113.72 FEET TO AN IRON; THENCE SOUTH 180.8 FEET TO THE POINT OF BEGINNING.

PARCEL 2
THE WEST 50 FEET OF LOT 3, BLOCK 3 E.W. GILLEN'S SUBDIVISION, ACCORDING TO PLAT THEREOF AS RECORDED IN PLAT BOOK 2, PAGE 13, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.

PARCEL 3
LOT 4, LESS AND EXCEPT THE NORTH 52 FEET OF THE WEST 44 FEET, BLOCK 3, PLAT OF E.W. GILLEN'S SUBDIVISION OF LOTS 1, 3, & 4, BLOCK 1 AND BLOCK 2 WEST LEWISVILLE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 2, PAGE 13, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA, LESS AND EXCEPT ANY PART LYING IN OSCEOLA STREET.

PARCEL 4
A PART OF LOT 2, BLOCK 1, AS SHOWN ON PLAT OF WEST LEWISVILLE, AS RECORDED IN PLAT BOOK 1, PAGE 86 OF THE FORMER PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA AND A PART OF LOT 4, BLOCK 4 AS SHOWN ON PLAT OF E.W. GILLEN'S SUBDIVISION AS RECORDED IN PLAT BOOK 2, PAGE 13 OF THE CURRENT PUBLIC RECORDS OF SAID COUNTY; BOTH BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE INTERSECTION OF THE NORTHERLY RIGHT OF WAY LINE OF IRENE STREET AND THE EASTERLY RIGHT OF WAY LINE OF OSCEOLA STREET; THENCE NORTH 22 DEGREES 17 MINUTES 45 SECONDS WEST ALONG THE SAID EASTERLY RIGHT OF WAY LINE OF OSCEOLA STREET A DISTANCE OF 186.68 FEET TO THE POINT OF BEGINNING; THENCE NORTH 89 DEGREES 49 MINUTES 30 SECONDS EAST, 70.73 FEET; THENCE NORTH 0 DEGREES 29 MINUTES 00 SECONDS EAST, 42.48 FEET TO A POINT IN THE SOUTHERLY RIGHT OF WAY LINE OF SHORT STREET; THENCE SOUTH 89 DEGREES 50 MINUTES WEST ALONG THE SAID SOUTH LINE OF SHORT STREET, 5.13 FEET TO A POINT IN THE EAST LINE OF THE AFOREMENTIONED LOT 2, BLOCK 1, WEST LEWISVILLE; THENCE NORTH 2 DEGREES 26 MINUTES EAST ALONG SAID EAST LINE OF LOT 2, BLOCK 1, 110.00 FEET TO THE NORTHEAST CORNER OF SAID LOT 2, BLOCK 1, WEST LEWISVILLE; THENCE SOUTH 89 DEGREES 50 MINUTES WEST ALONG THE NORTH LINE OF SAID LOT 2, BLOCK 1, 133.30 FEET TO A POINT IN THE AFOREMENTIONED EASTERLY RIGHT OF WAY LINE OF OSCEOLA STREET; THENCE SOUTH 22 DEGREES 17 MINUTES 45

SECONDS EAST ALONG SAID EASTERLY RIGHT OF WAY LINE, 164.63 FEET TO THE POINT OF BEGINNING.

PARCEL 5
A PART OF THE SOUTH 1/2 OF GOVERNMENT LOT 8, SECTION 35, TOWNSHIP 2 SOUTH, RANGE 25 EAST, DUVAL COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS: COMMENCING AT THE INTERSECTION OF THE NORTHERLY LINE OF HYDE GROVE AVENUE, A 66 FOOT RIGHT OF WAY, WITH THE WEST LINE OF HYDE GROVE TERRACE AS RECORDED IN PLAT BOOK 24, PAGE 90 OF THE CURRENT PUBLIC RECORDS; THENCE SOUTH 89 DEGREES 22 MINUTES 10 SECONDS WEST ALONG SAID NORTH LINE 210.07 FEET TO THE POINT OF BEGINNING; THENCE NORTH 0 DEGREES 05 MINUTES 20 SECONDS WEST, 348.57 FEET; THENCE SOUTH 71 DEGREES 42 MINUTES 55 SECONDS WEST, 94.79 FEET; THENCE SOUTH 89 DEGREES 22 MINUTES 10 SECONDS WEST 10 FEET, THENCE SOUTH 0 DEGREES 05 MINUTES 20 SECONDS EAST, 320.0 FEET TO SAID NORTH LINE OF HYDE GROVE AVENUE; THENCE NORTH 89 DEGREES 22 MINUTES 10 SECONDS EAST ALONG SAID LINE 100.04 FEET TO THE POINT OF BEGINNING.

PARCEL 6
LOT 20 AND 21, EXCEPT THE NORTHERLY 37 1/2 FEET OF LOT 21 AND THOSE PORTIONS OF LOTS 21 DESCRIBED IN INSTRUMENTS RECORDED IN DEED BOOK 1549, PAGE 567, DEED BOOK 1564, PAGE 176, AND OFFICIAL RECORDS VOLUME 1795, PAGE 552 PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA, BOTH IN BLOCK 1, WOODHAVEN PARK, ACCORDING TO PLAT THEREOF RECORDED IN PLAT BOOK 3, PAGE 6, CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.

6. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale on _March 8_, 2012 at 11:00 a.m. to the highest bidder, for cash, except as set forth hereinafter, at the www.duval.realforeclose.com in accordance with Section 45.031, Florida Statutes,

Plaintiff may bid at the sale of the property. If Plaintiff is the successful bidder, it shall be entitled on its bids at the sale to a credit up to the final judgment amount set forth herein.

7. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum, with interest and costs, accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.

8. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed by law from this date to the date of the sale; and by retaining any amount remaining pending the further order of this Court.

9. On filing the Certificate of Sale, Defendant and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property, and after filing Certificate of Title, the Clerk is authorized and directed to withdraw and deliver the original note and mortgage to the Plaintiff upon the furnishing and substitution of a photocopy thereof, if the Plaintiff was the purchaser at the sale and if there is a deficiency, and the Clerk is authorized to enter writs of possession without further order of this Court.

10. If this property is sold at public auction, there may be additional money from the sale after payments of persons who are entitled to be paid from the sale proceeds pursuant to this summary final judgment.

11. If you are a subordinate lien holder claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than sixty days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

12. If you are the property owner, you may claim these finds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court of Duval County within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Clerk has in the registry of the Court.

13. Defendant TRU WAY CHURCH OF THE RISEN CHRIST, INCORPORATED, a Florida non-profit corporation, shall complete, under oath, the enclosed Form 1.977 (b), Florida Rules of Civil Procedure, and attach copies of the required items as requested by the Forms. Said Defendants shall deliver the completed Form 1.977 (b) and attachments to Plaintiff's counsel, Frederick R. Brock, Esquire, Gartner, Brock and Simon, P.O. Box 10697, Jacksonville, Florida, 32247-0697, within forty-five (45) days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Within the same time period, said Defendants shall also file with the Court a notice of compliance with the order to

complete Form 1.977 (b) and serve a copy of the notice of compliance on Plaintiff's counsel.

14. Jurisdiction of this action is retained to enter further orders as are proper, including, without limitation, writs of possession and deficiency judgments.

DONE AND ORDERED, in Chambers at Jacksonville, Duval County, Florida, this ____ day of January, 2012.

ORDER ENTERED

JAN 24 2012

Circuit Judge   /s/ Hugh A. Carithers

Copies to:

Frederick R. Brock, Esquire
Gartner, Brock and Simon
1660 Prudential Drive, Suite 203
Jacksonville, Florida 32247-0697

Gerald B. Stewart, Esquire
24 N. Market Street, Suite 402
Jacksonville, Florida 32202

Working Capital #1, LLC
ATTN: Mr. Fenn Shrader
225 2nd Street South, Apt A5
Kirkland, Washington 98033