UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TRU-WAY CHURCH OF THE ) | |
| RISEN CHRIST, INCORPORATED ) | CASE NO. 12-bk-1498-JAF |
| ) | CHAPTER 11 |
| Debtor ) | |

## DEBTOR'S PLAN OF REORGANIZATION

**TRU-WAY CHURCH OF THE RISEN CHRIST, INCORPORATED,** as Debtor and Debtor-in-Possession, proposes the following Plan of Reorganization.

## ARTICLE 1
## DEFINITIONS

1.1. "ADMINISTRATIVE EXPENSE" shall mean any cost or expense of administration of the Chapter 11 case allowed under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

1.2. "ALLOWED" shall mean any such Claim, proof of which was timely and properly filed or, if no proof of claim was filed, which has been or hereafter is listed by the Debtors on their schedules as liquidated in amount and not disputed or contingent, and, in either case, a Claim as to which no objection to the allowance thereof has been filed on or before the Confirmation Date or such other applicable period of limitation fixed by the Plan. Unless otherwise specified herein or by order of the Court, an "Allowed Claim" shall not, for purposes of computation or distributions under the Plan, include interest on such Claim for the period from and after the Petition Date.

1.3. "BANKRUPTCY CODE" shall mean Title 11 of the United States Code.

1.4. **"CLAIM"** shall mean a duly listed or timely filed claim which is Allowed and ordered paid by the Court.

1.5. **"CONFIRMATION DATE"** means the date on which the Court shall enter the Confirmation Order.

1.6. **"COURT"** shall mean the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

1.7. **"CREDITORS"** shall mean all creditors of Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

1.8. **"DEBTOR"** shall mean Tru-Way Church of the Risen Christ, Incorporated.

1.9. **"EFFECTIVE DATE"** shall be that date on which the order confirming the Plan becomes final, which is fourteen (14) days after the entry of the order confirming the Plan.

1.10. **"PETITION DATE"** shall mean March 7, 2012, the date on which the Chapter 11 case was filed.

1.11. **"PLAN"** shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

1.12. **"SECURED CREDITORS"** shall mean all creditors who hold a lien, security interest, or other encumbrance properly perfected as required by law with respect to property owned by Debtor.

### ARTICLE 2
### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

2.1. **Summary.** The categories of Claims and interests listed below are classified for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

Class 1:    Allowed Administrative Expenses

| | |
|---|---|
| Class 2: | Allowed Unsecured Claims |
| Class 3: | Allowed Unsecured Priority Claim of the Internal Revenue Service |
| Class 4: | Allowed Secured Claim of the Internal Revenue Service |
| Class 5: | Allowed Secured Claim of the Duval County Tax Collector |
| Class 6: | Allowed Secured Claims of PPF Holdings III Ltd. |
| Class 7: | Allowed Secured Claim of Henry D. Jr. and A.G. Ross |
| Class 8: | Allowed Secured Claim of Working Capital #1, LLC |

2.2. **Class 1: Allowed Administrative Expenses.**

    2.2.1. All Allowed Administrative Expenses for which application is filed prior to the Effective Date, and owing at the time of confirmation, will be paid as a condition precedent to the Confirmation Order. The funds will come from operations. At the time of the preparation of this Plan, there are no post-petition obligations that have been incurred that are not being paid on a current basis. U.S. Trustee fees are being paid on a current basis. This class of claims is not impaired under the Plan.

2.3. **Class 2: Allowed Unsecured Claims.**

    2.3.1. Allowed Unsecured Claims total approximately $815,000.00. The Debtor proposes to pay this class of unsecured creditors $15,000.00, divided among all Allowed Unsecured Claims according to their pro rata share of the total Class 2 Allowed Claim pool, with no interest. Payments shall be structured according to the following terms:

        2.3.1.1. Allowed Unsecured Claims of $15,000.00 or less:

            2.3.1.1.1. Allowed Unsecured Claims of $15,000.00 or less shall receive their pro rata distribution in one single lump sum payment.

2.3.1.1.2. This payment shall be due on the 5th day of the first month following the Effective Date.

2.3.1.1.3. The total distribution to the allowed unsecured claims of $15,000.00 or less shall be approximately $510.10.

2.3.1.2. Allowed Unsecured Claims of $15,000.01 or greater:

2.3.1.2.1. Allowed Unsecured Claims of $15,000.01 or greater shall receive their pro rata distribution under this class in twenty (20) equal quarterly payments.

2.3.1.2.2. Such payments shall commence on the fifth (5th) day of the first calendar quarter following the Effective date, and continue on the fifth (5th) day of each calendar quarter thereafter until the twenty (20) payments are completed.

2.3.1.2.3. The total amount of these combined quarterly payments to the allowed unsecured claims of $15,000.01 or greater shall be approximately $724.50 per quarter.

2.3.2. Debtor shall have a thirty (30) day grace period before late fees or penalties are assessed.

2.3.3. Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

2.3.4. This class of claims is impaired.

2.4. **Class 3: Allowed Priority Claim of the Internal Revenue Service.**

    2.4.1. The Internal Revenue Service ("IRS") filed an unsecured priority claim of $3,438.20 (Claim #2-2). The Debtor proposes to pay this class of creditors according to the following terms:

        2.4.1.1. The Debtor will pay the IRS $3,438.20 in equal quarterly installments over five (5) years. The quarterly payment shall be approximately $171.91.

        2.4.1.2. These payments shall begin on the fifth (5th) day of the first calendar quarter following the Effective date, and continue on the fifth (5th) day of each calendar quarter thereafter until the twenty (20) quarterly payments are made.

        2.4.1.3. The Debtor shall have a thirty (30) day grace period for all payments.

        2.4.1.4. The Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

    2.4.2. This class of claims is impaired.

2.5. **Class 4: Allowed Secured Claim of the Internal Revenue Service**

    2.5.1. The IRS filed a secured claim of $63,022.93 (Claim #2-2). The Debtor proposes to pay this class of creditors according to the following terms:

        2.5.1.1. The Debtor will pay the IRS $63,022.93 amortized over five (5) years at a fixed interest rate of three percent (3.00%) per annum. The monthly payment shall be approximately $1,132.44.

        2.5.1.2. The first payment shall be the fifth (5th) day of the first (1st) month following the Effective Date and continue on the fifth (5th) day of each month thereafter.

        2.5.1.3. The Debtor shall have a thirty (30) day grace period for all payments.

2.5.1.4. The Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

2.5.2. This class of claims is impaired.

2.6. **Class 5: Allowed Secured Claim of the Duval County Tax Collector**

2.6.1. The Duval County Tax Collector ("Duval County") filed a secured claim stemming from nonpayment of real property taxes in the amount of $13,619.68 [Claim No.: 6-2]. The Debtor proposes to pay Duval County according to the following terms:

2.6.1.1. The Debtor will pay Duval County $13,619.68 amortized over five (5) years at the applicable rate of interest for each tax certificate/bill. The monthly payment shall be approximately $276.32.

2.6.1.2. The first payment to Duval County shall be the fifth (5th) day of the first (1st) month following the Effective Date and continue on the fifth (5th) day of each month thereafter.

2.6.1.3. The Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

2.6.1.4. Debtor shall have a thirty (30) day grace period on all payments.

2.6.2. This class of claims is impaired.

2.7. **Class 6: Allowed Secured Claims of PPF Holdings III Ltd.**

2.7.1. PPF Holdings III Ltd ("PPF") has filed secured claims totaling $486.32 stemming from its pre-petition purchase of property tax certificates on the Debtor's real property located at 7155 Hyde Grove Ave., Jacksonville, Florida [Claims No.: 8 & 9]. As PPF's certificate on the Hyde Grove property will be paid in full through

Duval County as part of the full administration of Class 5, PPF's Claims No. 8 & 9 are duplicative. Currently, there is a motion objecting to PPF's Claims No. 8 & 9 as duplicative. As the Debtor is objecting to PPF's claims, PPF is not entitled to any distribution under Class 6 and thus is not entitled to a vote as a Class 6 creditor.

2.8. **Class 7: Allowed Secured Claim of Henry D. Jr. and A.G. Ross**

    2.8.1. Debtor has scheduled Henry D. Jr. and A.G. Ross ("Ross") as holding a secured claim totaling $146,541.99 representing a first mortgage position pursuant to a mortgage recorded on May 31, 2006 (Duval County Book 13295, Page 2201) on the following real properties owned by the Debtor:

    2.8.1.1. 0 Belfort St., Jacksonville, Florida, RE # 055704-0000;

    2.8.1.2. 2351 Edison Ave., Jacksonville, Florida, RE # 055701-0000;

    2.8.1.3. 2341 Edison Ave., Jacksonville, Florida, RE # 055700-0000 (collectively, the "Ross Properties").

    2.8.2. The Debtor believes the combined value of the Ross Properties is $61,233.00, and has filed a separate Motion to Value with the Court. Debtor intends to retain the Ross Properties and proposes to pay Ross according to the following terms:

    2.8.2.1. The Debtor shall pay Ross the value of the Ross Properties, $61,233.00, as a secured mortgage amortized over fifteen (15) years at a fixed interest rate of four and one half percent (4.5%) per annum. The monthly payment shall be approximately $468.43.

    2.8.2.2. The unsecured portion of the Ross' claim, approximately $85,308.99, shall be entitled to treatment in Class 2 as an Allowed Unsecured Claim.

2.8.2.3. The first payment to Ross shall be the fifth (5th) day of the first (1st) month following the Effective Date and continue on the fifth (5th) day of each month thereafter.

2.8.2.4. The Debtor shall have a thirty (30) day grace period for all payments.

2.8.2.5. The Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

2.8.2.6. All other terms of the note and mortgage not amended herein shall remain in full force and effect.

2.8.3. This class of claims is impaired.

2.9. **Class 8: Allowed Secured Claim of Working Capital #1, LLC**

2.9.1. Working Capital #1, LLC ("Working Capital") filed a secured claim totaling $1,224,385.00 [Claim No.: 1] representing a pre-petition summary judgment of foreclosure. Pursuant to a mortgage recorded on August 15, 2006 (Duval County Book 13458, Page 780) Working Capital holds a first mortgage position on the following properties of the Debtor:

2.9.1.1. 2297 Edison Ave., Jacksonville, Florida, RE # 089712-0000;

2.9.1.2. 2294 Edison Ave., Jacksonville, Florida, RE # 089623-0000;

2.9.1.3. 2292 Edison Ave., Jacksonville, Florida, RE # 089612-0000;

2.9.1.4. 531 Osceola St., Jacksonville, Florida, RE # 089588-0000;

2.9.1.5. 7155 Hyde Grove Ave., Jacksonville, Florida, RE # 010403-0000;

2.9.1.6. Working Capital also has a second mortgage on the Debtor's real property located at 0 Belfort St., Jacksonville, Florida, RE # 055704-0000; behind the first mortgage of Ross. (collectively, the "Working Capital Properties").

2.9.2. Debtor contends the total value of the Working Capital Properties is $549,650.00. The Debtor intends to retain the Working Capital Properties and proposes to pay Working Capital according to the following terms:

2.9.2.1. Working Capital shall retain, and Debtor shall pay, a $575,000.00 secured mortgage on the Working Capital Properties ("Working Capital's Secured Claim").

2.9.2.2. Working Capital's Secured Claim shall be amortized over twelve (12) years at a fixed interest rate of six and one half percent (6.5%) per annum, and be paid in monthly principal and interest installments. The monthly payments shall be approximately $5,761.05.

2.9.2.3. The unsecured portion of Working Capital's claim (approximately $649,385.00) shall be included as an allowed general unsecured claim subject to administration under Class 2 of the Plan.

2.9.2.4. The first payment to Working Capital on their secured claim shall be the fifth (5th) day of the first (1st) month following the Effective Date and continue on the fifth (5th) day of each month thereafter.

2.9.2.5. Nonpayment within thirty (30) days of the fifth (5th) day of the month shall be considered an event of default.

2.9.2.6. The Debtor shall have a ten (10) day grace period for all payments before any late fees or penalties are assessed.

2.9.2.7. The Debtor shall have the right to pre-pay this class of creditors, in full or in part, at any time without penalty.

2.9.2.8. All other terms of the note and mortgage not amended herein shall remain in full force and effect.

2.9.3. This class of claims is impaired.

## ARTICLE 3
## MEANS FOR EXECUTION OF THE PLAN

3.1. In order to provide adequate means for the Plan's execution the Debtor proposes:

(a) Continuation and restructuring of the Debtor's financial affairs.

(b) Curing or waiving any defaults.

(c) Extension of a maturity date or change in an interest rate or outstanding securities.

(d) Retention by the Debtor of all estate property.

(e) All payments called for by the Plan irrespective of the class of creditor will have a thirty (30) day grace period unless otherwise provided for in the Plan.

(f) Any debt that arose before the date of confirmation and any debt within the parameters of 11 U.S.C. §1141(d)(1) will be discharged to the extent not provided for in the Plan or in the Order of Confirmation.

3.2. All claims and causes of action in favor of the Debtor are hereby reserved and retained to be prosecuted before and after confirmation and the Debtor expressly reserves any rights and powers that the Debtor may enjoy as the debtor-in-possession to be utilized after confirmation.

3.3. (a) Pursuant to 11 U.S.C. §1141(a) all of the provisions of this Plan will bind all creditors of the Debtor, whether or not the claims or interests of such creditor is impaired under this Plan and whether or not such creditor has accepted this Plan.

(b) Except as otherwise provided in the Plan or in the Order Confirming the Plan, the confirmation of the Plan vests all of the property of the estate in the Debtor.

(c) Except as provided in subsection 11 U.S.C. §1141(d)(2) and (d)(3) and as otherwise provided in the Plan or in the Order Confirming the Plan, after confirmation of the Plan the property dealt with by this Plan shall be free and clear of all claims and interests of creditors, whether such claims are in the nature of consensual liens or involuntary liens, including judgment liens.

(d) Pursuant to 11 U.S.C. §1141(d)(1), the confirmation of this Plan shall discharge the Debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in §502(g), §502(h), or §502(i) of this Title whether or not a proof of the claim based on such debt is filed or deemed filed under §501 of this Title, such claim is allowed under §502 of this Title, or the holder of such claim has accepted the Plan.

## ARTICLE 4
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor is unaware of the existence of any unexpired leases or executory contracts and hereby does not assume any unexpired leases or executory contracts.

(signature page follows)

Dated this 28th day of August 2012

        Tru-Way Church of the Risen Christ, Incorporated

        _____
        Elwyn W. Jenkins, President


        **BANKRUPTCY LAW FIRM OF LANSING J. ROY, P.A.**

        /s/ William B. McDaniel
        **Kevin B. Paysinger, Esquire**
        Florida Bar No. 0056742
        **Christopher R. DeMetros, Esquire**
        Florida Dar No. 0863467
        **William B. McDaniel, Esquire**
        Florida Bar No. 0084469
        Attorney for Debtor
        1710 Shadowood Lane, Suite 210
        Jacksonville, FL 32207
        (904) 391-0030